23552. STATE HIGHWAY DEPARTMENT v.
ALEXANDER et al.

SUBMITTED JUNE 15, 1966—DECIDED JULY 7, 1966.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley*, for appellant.

*Edward D. Wheeler, Cobb & Cobb*, for appellees.

GRICE, Justice. Rulings made in an appeal for a jury trial from the award of assessors in a condemnation proceeding are enumerated as error. They arose from a petition filed in the Superior Court of DeKalb County by the State Highway Department of Georgia against the property itself, H. G. Alexander, and others, to obtain the right of way for widening a State-aid public road.

The petition recited that the condemnor believed the property was owned by it and DeKalb County, but that certain parties, named as defendants, might claim an interest therein. However, none but Alexander asserted any claim. The county answered by asserting that the property had previously been dedicated to public use as a road and sidewalk. Both the condemnor and Alexander appealed for a jury trial from the assessors' award.

Upon the appeal the court ruled that the case should proceed to trial upon only the issue of dedication, with submission of the question of value dependent on the outcome of that issue. At the conclusion of the evidence the court directed a verdict that there had been no dedication.

The condemnor enumerates as error the court's ruling that the issue of dedication be tried separately, three rulings as to the admissibility of evidence, and the direction of a verdict of no dedication.

■ The condemnor will not be heard to complain that the trial court erred in directing that the issue of dedication be first determined. The transcript of the proceedings shows that counsel for both sides were invited to express their views as to this mode of procedure and that both expressly agreed to it.

■ We deal now with the first of the rulings as to admissibility of evidence. The condemnee was asked if any of the land described in one of the condemnor's exhibits was land which he formerly used as parking for his customers. He answered "Yes." The objection was that whether he used it as parking for his customers was a conclusion, since the issue was whether the public used it.

It is not necessary to decide this question in view of the ruling in Division 4, infra, as to the parking area portion of the land sought by the condemnor.

■ The other two rulings as to admissibility of evidence may be treated together since they relate to the same document. Upon direct examination, the condemnor asked its witness if he could, by reference to one of its exhibits, a plat, state whether or not the present sidewalks had been constructed as delineated and shown on such plat. The condemnee's objection to the question on the ground that the plat was not in evidence was sustained. This ruling was correct.

Subsequently, the condemnor offered this plat in evidence, but upon objection it was not admitted. We regard this ruling as proper, since there was no evidence as to who made the plat or whether it was correct. See *Code* § 38-701 and annotations.

■ Considering now the enumerations complaining of direction of the verdict that there had been no dedication of the land described in the petition to DeKalb County for public purposes, we are of the view that they are not meritorious.

The land in question was a strip between the old paved portion of the road and certain buildings owned by the condemnee. One portion of this strip, contiguous to the buildings, had been paved for and used as a sidewalk; the other part, between the sidewalk area and the road, had been paved, marked off, and used as parking spaces. The condemnee testified that he had a number of years ago paved these areas for the use of the customers of his building tenants, that he had marked off the parking spaces in that area, and that he had maintained both areas. There was evidence that the county had done some patching of the parking area and had put up some signs limiting parking to two hours. But there was no question but that, if these areas had been dedicated, the dedication was for sidewalk and parking purposes, respectively.

The condemnor sought the entire strip as a right of way for a State-aid road. However, at the time of the trial, the condemnor had already begun construction upon this particular section of the road, and the testimony showed, without question, that it had made a new sidewalk in the same area as the old one and that the former parking area was now a part of the road. Thus, the condemnor continued to use the sidewalk area for that same purpose, but changed the use of the parking area.

In this situation, whether or not the condemnee had dedicated the parking area to public use for parking is immaterial in determining whether the county has the power to use it for road purposes. Under the evidence, if this area had been dedicated, the dedication was for parking, not road purposes. Its dedication for parking purposes would not give the public authorities the right to use it for road purposes. It is well established that "Where the dedication, express or implied, is made for a specific purpose, the public authorities have no power to use the property for any purpose other than the one designated . . . without first acquiring the right to do so from the owner of the dominant fee, either by purchase or under the right of eminent domain." *Brown v. City of East Point,* 148 Ga. 85 (2, 4) (95 SE 962). See also, *Donalson v. Georgia Power &c. Co.,* 175 Ga. 462 (5) (165 SE 440) (one Justice dissenting); *Dunlap v. Tift,* 209 Ga. 201, 208 (71 SE2d 237); *R. G. Foster & Co. v. Fountain,* 216 Ga. 113, 119-120 (114 SE2d 863).

Therefore, so far as the parking area was concerned, direction of the verdict that there had been no dedication was not harmful to the condemnor, as in either event it would have to purchase or condemn in order to use the area for road purposes.

However, the sidewalk area is not subject to the principle above stated as its use was not diverted by the condemnor.

As to this area, the direction of the verdict that there had been no dedication was proper. There was " . . . no conflict in the evidence, and that introduced, with all reasonable deductions [or] inferences therefrom . . . " demanded such verdict. *Code* § 110-104.

There was no evidence of any intent by the condemnee to dedicate. He testified that he paved this sidewalk, contiguous to the buildings he owned, for the use of his customers and those of his building tenants, that he had maintained it, and that he had never given or intended to give it to the county or to part with any of his property. He did acknowledge that the sidewalk was used by the public, but there was no evidence of any maintenance or dominion of the sidewalk by public authorities.

Thus, the situation here comes within the rule stated in *Georgia R. & Bkg. Co. v. City of Atlanta,* 118 Ga. 486, 489-490 (45

SE 256) (by five Justices). It was there said: "The fact that, without intent to make a dedication, the company permits the land to be used by those who do not come thereon for the purpose of business with the company should not operate to defeat its title. Its indulgence ought not to be charged against it and used as a means of depriving it of property allowed to be enjoyed, but not intended to be given. That it does not capriciously warn off persons crossing the strip will not wipe out the effect of acts showing an intention to hold the property as its own. The public in a proper case may obtain the title by condemnation. . . But no law of force in this State intends to take private property for public purposes, without payment therefor; nor will this end be attained under the name of dedication where there has not been an express gift by the owner, or where his long continued acts have not indicated a purpose to set apart the property for the public good." See also, *Mayor &c. of Savannah v. Standard Fuel Supply Co.*, 140 Ga. 353, 357 (78 SE 906); *Seaboard Air-Line R. Co. v. Greenfield*, 160 Ga. 407 (3a) (128 SE 430) (one Justice not participating).

Since the direction of the verdict was not harmful to the condemnor insofar as the parking area is concerned and the evidence demanded the verdict as to the sidewalk area, such direction was not erroneous.

*Judgment affirmed. All the Justices concur.*