43101. SWINEY et al. v. STATE HIGHWAY
DEPARTMENT.

Deen, Judge. 1. The State Highway Department condemned 4.618 acres of land on the west side of Evans Road in DeKalb County for expressway purposes, leaving .7 acre of the land of the condemnee to the west of the road and a large tract to the east. One of the questions raised is whether the .7 acre left on the west side was in fact "taken" because it was not usable for residential property thereafter, its highest and best use and the one for which it was zoned at the time. The loss of value inherent in the remaining land is the difference between the greatest market value of land not taken before the strip is taken and improvements made less the market value of the remainder after the strip is taken off and improvements made. *State Hwy. Dept. v. Thompson,* 112 Ga. App. 488 (145 SE2d 784). This loss may approach the full value of the land, but it is still consequential damages so long as some value inheres in the fee remaining in the condemnee. Consequential damages may be balanced against consequential benefits (*Code* § 36-504) and all of the testimony in this case preponderated to the conclusion that the benefits to land not taken overbalanced the damage. Estimates of the value of the land taken ranged from $18,446 to $88,550. Accordingly, the verdict in the sum of $19,000 was within the range of the evidence. Even had it been slightly lower, as contended (based on the conclusion that the .7 acre was reduced in market value to nil) the jury, where it has factual data on which to base its conclusions, is not absolutely bounded by the figures given by the witnesses, which are by their nature opinion evidence only. *Smaha v. State Hwy. Dept.,* 114 Ga. App. 60 (1) (150 SE2d 327).

2. The trial court refused to admit in evidence a plat prepared by the appellant showing by overlay the part of the property taken by the condemnor and the division of the tract into 6 lots fronting existing highways for which the land might be used if not condemned. Swiney testified that the map was "a true representation of the property being taken as prepared from the material I was working with at the time furnished by the State Highway Department." From other testimony it appears that the map from which he worked was a preliminary drawing and not entirely accurate. Preliminary proof,

to allow admission of a plat into evidence, must show that the plat is correct and is a fair representation of what it purports to show. *Code* § 38-701; *State Hwy. Dept. v. Alexander,* 222 Ga. 354 (3) (149 SE2d 788); *Hammett v. Thompson,* 115 Ga. 762 (2) (156 SE2d 190). It is true that, as stated in *Clarke County School District v. Madden,* 99 Ga. App. 670 (2) (110 SE2d 47), plats are admissible where a witness testifies to their correctness, but this witness testified only to the source of the plat as embodied in preliminary drawings of the condemnor subsequently altered in various particulars. Whether the tract could have been divided under existing zoning restrictions into four lots facing Evans Road depended in part on whether a small segment thereof in an adjoining landlot belonged to the condemnee and whether, if so, it had been eliminated in the widening of Henderson Mill Road. There was testimony as to all these facts, and, under the circumstances of the case it was not harmful error to sustain objections to admitting the drawing in evidence on the grounds that it was not proved to be a true representation.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 5, 1967—DECIDED NOVEMBER 16, 1967.

*Richardson & Chenggis, Platon P. Constantinides,* for appellants.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellee.