## 37673. BELL v. CRONIC.

MARSHALL, Justice.

On November 4, 1980, an election was held in Hoschton, Georgia, to elect a mayor of the City of Hoschton. Hoyt Bell, the incumbent, received 113 of the 228 votes cast, Jimmy Cronic, the contestant in this case, received 110 votes; 5 votes were unintelligible as marked.

Mr. Cronic, pursuant to the provisions of the Georgia Municipal

Election Code, Code Ann. § 34A-1501, filed a timely contest with the governing authority of the City of Hoschton. After a hearing by the City Council, the results of the election as declared by the managers were validated by that governing authority. A timely appeal to the Superior Court of Jackson County, as required by Code Ann. § 34A-1501 (b), was filed by the contestant.

Respondent Bell demanded a jury trial, but the court denied this demand. The trial was then had before the court, and at the conclusion of the trial, the court entered the following judgment: (1) that the election for the office of Mayor of the City of Hoschton held on November 4th, 1980, was so defective as to be invalid; (2) and for this reason, another election was to be held on March 11, 1981.

Mayor Bell appealed the superior court's decision to the Court of Appeals, which properly transferred the case to this court.

1. The first enumeration of error is that the trial court erred in denying the appellant's demand for a trial by jury, which the appellant claims he is entitled to under Code Ann. §§ 34A-1501 (b) and 6-601.

The rule in Georgia on the right to a trial by jury is clear. In construing the provision of the Georgia Constitution which states that the right of trial by jury shall remain inviolate, this court has consistently held that in civil actions the right of a jury trial exists only in those cases where the right existed prior to the first Georgia Constitution, and the Constitution guarantees the continuance of this right unchanged as it existed at common law. *Metropolitan Cas. Ins. Co. v. Huhn,* 165 Ga. 667 (142 SE 121) (1927). The court in *Huhn* also stated that contested election cases are among those where a right to a jury trial did not exist prior to the first Constitution. Therefore, the right can only exist by statute.

The policy behind this rule was articulated by this court in *Freeman v. McDonald,* 72 Ga. 812, 814 (1884): "In a government where the officers are elective, it is absolutely necessary that there should be some quick and summary way to determine [election] contests . . .; public policy requires that the machinery of the government shall be put in operation, and this might be delayed for a long or indefinite time, if left to be determined by a jury . . ."

The applicable provision of the Municipal Election Code is Code Ann. § 34A-1501 (b): *"The decision of the governing authority may be appealed to the superior court in the manner of appeal from a probate court, except that appeals shall be made within 10 days after determination of the contest by the governing authority.* The appeal of the decision of the governing authority shall be tried and determined in the county in which the city hall is located. The case shall be presided over by the senior judge of the superior court in time

of service in the judicial circuit or circuits adjoining the judicial circuit containing the municipality in which the contest is instituted. If such judge is disqualified or unable to serve, the clerk shall immediately notify the Governor of such fact and he shall thereupon appoint a disinterested judge of superior court, residing outside of the judicial circuit in which the contest is pending, or judge of the superior court emeritus, to serve in the place of such senior judge. *Such judge or judge emeritus shall promptly begin presiding over such proceedings in such court and shall determine same as soon as practicable.* He shall be reimbursed for his actual expenses for food and lodging and he shall receive the same mileage allowance as other State officials and employees." (Emphasis supplied.)

The appellant's argument that there is a right to a jury trial in appeals to superior court under § 34A-1501 (b) of the Municipal Election Code is based on the fact that: (1) there is a right to jury trial in appeals from probate court to superior court under § 6-601, and (2) § 34A-1501 (b) states that the decision of the governing authority may be appealed to the superior court "in the manner of" appeal from a probate court.

The trial judge rejected this argument, ruling that the previously-quoted language from § 34A-1501 (b) relates merely to procedural matters of appeal and not to the substantive right to a jury trial once the appeal has been perfected. The trial judge based this conclusion on other portions of § 34A-1501 (b) providing that the judge shall preside over the proceedings and determine same. And, as previously noted, there is no constitutional right to a jury trial in an election contest proceeding.

We agree with the ruling of the trial judge and the reasons given in support thereof. Accordingly, we hold that the trial judge did not err in denying the appellant's demand for a jury trial.

2. The appellant's second enumeration of error is that the trial court's decision regarding the nonresidency of the three voters was unsupported by the evidence and was contrary to the superior weight of the evidence.

The rule is that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness. Code Ann. § 81A-152. This court has held that, assuming but not deciding that the findings of fact contended for by the appellants would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. *Brook Forest Enterprises v. Paulding County,* 231 Ga. 695 (203 SE2d 860) (1974). E.g., *Hay v. McKinley,* 154 Ga. App. 288 (2) (267 SE2d 892) (1980); *Atlantis Realty Co. v.*

*Morris,* 142 Ga. App. 470 (1) (236 SE2d 163) (1977).

The relevant findings of facts in this case relate to the residency, registration status and voting habits of the three voters, the Stinchcombs, and to the admission and validity of the plat of the City of Hoschton, prepared by W. T. Dunahoo, a private surveyor.

As to the Stinchcombs, the trial court found that the three voters resided near the eastern limits of the City of Hoschton; that Mr. Stinchcomb had paid taxes on the property to the city for a number of years; that the three persons had been registered voters in the city and had voted therein for a number of years; and that all three had voted in the mayoral election on November 4, 1980.

The testimony of Charles, Robert, and Lola Bell Stinchcomb indicates that they live in a house on Highway 332, very near a city limits sign. Their testimony also shows that they have been registered voters in the city and have voted for eight to ten years. In addition to their testimony, city records show that Mr. Stinchcomb paid property taxes to the city for a number of years and that all three Stinchcombs filled out ballots in the November 4, 1980, mayoral election.

The findings of facts relating to the plat prepared by Mr. Dunahoo are that the plat materialized accurately a circle with a radius of 3/4 mile from the center of the present City Hall, formerly the depot built in the 1920's; that the plat accurately shows the Stinchcomb residence as being approximately 100 feet outside of the city limits as thus materialized; and that if the starting point of the survey were moved 175 feet southwest of the point used by Mr. Dunahoo for starting his survey, the Stinchcomb residence would still be outside of the city limits of Hoschton.

In *Swiney v. State Hwy. Dept.,* 116 Ga. App. 667 (2) (158 SE2d 321) (1967), the Court of Appeals relied on Code Ann. § 38-701 to hold that preliminary proof, to allow the admission of a plat in evidence, must show that the plat is correct and is a fair representation of what it purports to show.

The testimony of the surveyor, Mr. Dunahoo, showed that he used standard surveying methods and calculations to arrive at the 3/4-mile radius around the City Hall, to locate the point where the radius crossed Highway 332, and to determine the location of the Stinchcomb residence on the plat.

This evidence was enough to allow the admission of the plat in evidence, because the court reserved the decision of how much weight the plat should be given.

Mayor Hoyt Bell testified that the original depot burned in the 1920's and was rebuilt at a point about 175 feet north of where it had been originally. He also testified that, if they moved the City Hall

back to its original spot, the Stinchcomb residence would be even further outside of the city limits of Hoschton.

Based on this evidence, the trial court was authorized in finding that the Stinchcomb residence was located outside of the city limits of Hoschton; that the three Stinchcombs had voted in the mayoral election of November 4, 1980; that this difference of three votes was enough to cast the results of the election in doubt and was a sufficient ground to contest the election under Code Ann. § 34-1703; and, finally, that the November 4, 1980, mayoral election was invalid and a new election should be held. These findings should not be set aside as unsupported.

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

DECIDED OCTOBER 28, 1981 —
REHEARING DENIED NOVEMBER 12, 1981.

*Gregory M. Perry, Jack S. Davidson,* for appellant.
*T. David Motes, J. H. Wood,* for appellee.