68457. LOGAN PAVING COMPANY v. MASSEY-FERGUSON
CREDIT CORPORATION et al.
(323 SE2d 259)

BENHAM, Judge.

Plaintiff-appellant, Logan Paving Company d/b/a Logan Equipment Company ("Logan"), brought an action for declaratory judgment against defendant-appellee, Massey-Ferguson, Inc. ("Massey-Ferguson"), and Massey-Ferguson Credit Corporation to determine which party had superior rights to the proceeds of the sale of a certain Massey-Ferguson tractor. The case was tried before the court without a jury under the following stipulated facts. In February of 1981, Logan was the fee simple owner of the tractor in question. Sometime thereafter, Logan delivered the tractor to Davis Tractor Company ("Davis"), an authorized Massey-Ferguson dealership, to sell for Logan because Davis was located in a more advantageous market. Davis' inventory was financed by Massey-Ferguson pursuant to a Dealer Sale and Service Agreement, and Massey-Ferguson's interest in Davis' inventory was perfected by the proper filing of financial statements. Logan was not advised of any agreements between Davis and Massey-Ferguson, and title to the tractor was never transferred to Davis from Logan. In April 1982, Davis informed Massey-Ferguson that it had obtained the tractor as a trade-in. The tractor was placed in Davis' Trade-In Used Floor Plan and Davis received a credit of $18,700 on its outstanding balance due Massey-Ferguson. In August 1982, Massey-Ferguson terminated its dealership arrangement and security agreement with Davis, at which time the tractor was in Davis' possession and appeared on the inventory list delivered to Massey-Ferguson by Davis. When a dispute arose between Logan and Massey-Ferguson as to their conflicting rights in the tractor, it was sold, the proceeds placed in escrow, and this action for declaratory judgment filed.

After reviewing the pleadings and depositions, the trial court found, in addition to the stipulated facts set forth above, that Davis was not generally known by its creditors to be substantially engaged in selling the goods of others. The court then concluded as a matter of law that the transaction between Davis and Logan was a "sale or return" governed by OCGA § 11-2-326 (3), and held that the claim of

Massey-Ferguson was superior to that of Logan. Logan appeals from the judgment subsequently entered.

The Uniform Commercial Code (UCC) as adopted in this state provides in pertinent part as follows: "(3) Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as 'on consignment' or 'on memorandum.' However, this subsection is not applicable if the person making delivery: (a) Complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign; or (b) Establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others; or (c) Complies with the filing provisions of the article on secured transactions (Article 9 of this title) . . ." OCGA § 11-2-326.

We agree that the undisputed facts of this case fall squarely within the provisions of OCGA § 11-2-326 (3). Logan, the owner of the tractor, delivered the tractor to Davis for the purpose of having Davis receive offers to purchase the tractor. The offers were to be approved by Logan, and Davis was to receive a commission for his efforts. Davis was an authorized Massey-Ferguson dealer which dealt in goods of this kind, and operated under a trade name different from that used by Logan. While Logan did not file a financing statement on the tractor, Massey-Ferguson had filed such a statement in June 1974 covering Davis' present and after-acquired inventory of Massey-Ferguson machinery. On the date the dealership arrangement between Davis and Massey-Ferguson was terminated, the tractor remained on Davis' list of inventory financed by Massey-Ferguson.

*Allgeier v. Campisi*, 117 Ga. App. 105 (159 SE2d 458) (1968), relied upon by appellant, is not controlling here. "All that case says is that the facts did not qualify the situation as a 'sale or return' under [OCGA § 11-2-326 (1) (b)]." In re A & T Kwik-N-Handi, Inc., 13 UCC Rep. 779, 782 (M.D. Ga. 1973). The case at bar is concerned with the application of OCGA § 11-2-326 (3), which is much broader in scope than § 11-2-326 (1) (b), which was at issue in *Allgeier*. Id.

The purpose of OCGA § 11-2-326 (3) is "to protect the creditors of the person in possession of goods (the dealer) who would have a right to assume the goods were the property of the dealer [Davis]. The real owner [Logan] can protect [itself] by showing the creditor . . . of the dealer had no right to assume such ownership. This can be done under the provisions of the Uniform Commercial Code by show-

ing (a) compliance with a relevant sign law, (b) that the dealer is known by his creditors to be substantially engaged in selling the goods of others, or (c) by compliance with the filing provisions of Article 9 (Secured Transactions) of the Code." *Guardian Discount Co. v. Settles*, 114 Ga. App. 418 (3) (151 SE2d 530) (1966). Accord In the Matter of KLP, Inc., 7 BR 256 (M.D. Ga. 1980); In re A & T Kwik-N-Handi, Inc., supra. In the case at bar, Logan failed to take any of the statutorily prescribed protective steps.

Contrary to appellant's assertions, the trial court did not err in finding that Davis was not known by its creditors to be substantially engaged in selling the goods of others. While there was testimony that Davis would occasionally help one of its customers dispose of certain equipment, the evidence showed that such transactions were not "part of his business," or even "an ordinary event." "The rule is that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness. [OCGA § 9-11-52]" *Bell v. Cronic*, 248 Ga. 457 (2) (283 SE2d 476) (1981). The court went on to hold in *Bell* that, even if the facts which an appellant presented were supported by evidence in the record, where the facts found by the trial court were authorized by the evidence, those findings would not be set aside. Id. "When a non-jury judgment by a trial court is reviewed by an appellate court in Georgia, we will not interfere with the findings of fact by the trial tribunal if there is 'any evidence' to support it. [Cit.] This 'any evidence' test is the same as the 'clearly erroneous' test for findings of fact by the trial judge required by . . . OCGA § 9-11-52. [Cit.] Hence where there is 'any evidence' to support the trial court's findings, they are binding upon this court. [Cit.]" *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983).

The finding in question has not been shown to be clearly erroneous, and since there is evidence of record to support it, we may not set it aside. *Bell v. Cronic*, supra. Logan's failure to protect its interest in the tractor by complying with any of the steps set out in OCGA § 11-2-326 (3), coupled with the fact that the trial court's factual findings were supported by evidence, results in an affirmance of the judgment entered by the trial court.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1984.

*J. Edward Allen*, for appellant.
*James P. Smith, Ronald C. Thomason*, for appellees.