72524. DEPARTMENT OF TRANSPORTATION
v. HUDSON et al.
(348 SE2d 106)

DEEN, Presiding Judge.

On August 21, 1985, the appellant, Department of Transportation (DOT), filed its declaration of taking to acquire a temporary easement on the appellees' property for a detour route during construction of a bridge expansion on Georgia Highway 230 in Dooly County. The appellees, Georgia Margaret Hudson, James Corbitt Hudson, and Earle Franklin Hudson, subsequently filed a motion to set aside the declaration of taking, contending that the DOT abused and misused its authority to condemn.

On one side of the bridge to be expanded was the appellees' property, which was heavily wooded, and on the other side was G. L. Arflin's property, which was not wooded. It was undisputed that the appellees had plans to build a residence on the land to enjoy the natural beauty of the property, and that the Arflins did not object to the DOT's using their property for the detour, provided that the creek did not have to be moved closer to their home. The DOT design engineer who selected the appellees' property explained that a number of factors was usually considered in choosing a detour site, including costs, potential construction problems, utility conflicts, property usage, and safety considerations. However, he acknowledged that no environmental impact analysis, detailed cost analysis, or other comparative analysis had been made prior to the selection of the appellees' property as the detour site.

The DOT employee considered the Arflin property to be less suitable for the detour because (1) the traffic flow would be less safe; (2) the Arflin property was residential and well cared for while the appellees' property was undeveloped; and (3) the creek bed would have to be rechanneled slightly closer to the Arflin home, and would require additional construction costs for preventing erosion of the

creek banks. He estimated that the costs for the selected site would be approximately $14,000 less than for the Arflin property.

The safety factor emphasized by the DOT was that a detour placed on the Arflin property, ending near the intersection of another county road, might create a traffic danger. At the hearing, however, it was revealed that this other road, although owned by the county, actually served only as a driveway to two residences, that of the Arflins and that of some of their relatives. A county sign in fact prohibited any through traffic, but the DOT design engineer had not noticed this sign at the time of his site inspection.

Following the hearing and making a visual inspection of the properties in question, the superior court set aside the declaration of taking, holding that the DOT had abused and misused its powers by failing adequately to consider the availability and feasibility of the alternate route, the adverse environmental impact on the appellees' property, the long-range area planning, proper costs comparison, and the overall comparative safety factors. This appeal followed. *Held*:

" 'In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken.' " *City of Atlanta v. Heirs of Champion*, 244 Ga. 620, 621 (261 SE2d 343) (1979). OCGA § 32-3-11 (a) in fact provides for a "prima-facie presumption that the property or interest condemned is taken for and is necessary to the public use . . ." OCGA § 32-3-11 (b) (3), however, specifically authorizes the superior court to set aside a taking where the condemnor abuses or misuses its discretion.

In determination of whether a condemning authority has abused its discretion, the matter has usually been discussed in terms of bad faith or fraud. See *City of Atlanta v. First Nat. Bank of Atlanta*, 246 Ga. 424 (271 SE2d 821) (1980). However, there is no absolute requirement of showing bad faith before an abuse or misuse of discretion may be found; otherwise, OCGA § 32-3-11 (b) (3) would obviously be rendered nugatory. In this case, the evidence of record certainly supports the superior court's finding that the DOT exercised hardly any discretion in selecting the appellees' property as the detour site. To hold that the DOT's arbitrariness did not constitute an abuse or misuse of discretion under the facts of this case would play ducks and drakes with the concept of discretion itself.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED JULY 10, 1986 —
REHEARING DENIED JULY 23, 1986 — 

*Michael J. Bowers, Attorney General, C. O. Oxford, Special Assistant Attorney General*, for appellant.

*John C. Pridgen*, for appellees.