75339. OUTDOOR ADVERTISING ASSOCIATION OF GEORGIA, INC. et al. v. DEPARTMENT OF TRANSPORTATION.
(367 SE2d 827)

BENHAM, Judge.

Amendments to the rules and regulations governing the grant, renewal, and revocation of permits for outdoor advertising, promulgated by the Georgia Department of Transportation (DOT), went into effect December 24, 1986. Appellants, various entities engaged in the outdoor advertising business in Georgia, and their non-profit organization, filed suit seeking injunctive relief and a declaratory judgment that certain amendments were invalid for procedural and substantive reasons. Following a bench trial, the trial court concluded that the amendments were valid and enforceable. This appeal followed.

1. Appellants contend the trial court abdicated its statutory responsibility to find the facts and state its conclusions of law (OCGA § 9-11-52 (a)) by adopting verbatim the proposed findings of fact and conclusions of law submitted at the request of the trial court by appellee.

"The [trial] court may request counsel (usually for the prevailing party) to prepare the findings and conclusions which, of course, the judge is at liberty to amend or change in any respect deemed proper . . . The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review [Cit.]" *Spivey v. Mayson*, 124 Ga. App. 775, 776 (186 SE2d 154) (1971). It has been noted that when the trial court adopts verbatim the proposed findings and conclusions of the prevailing party the adequacy of the findings is more apt to be questioned, the losing party may forfeit his undeniable right to be assured that his position has been thoroughly considered, and the independence of the trial court's thought process may be cast in doubt. *Askew v. United States*, 680 F2d 1206 (8th Cir. 1982). However, we are unable to condemn the practice where, as here, there is no evidence that the trial court did

not give serious consideration to and review the proposed findings and conclusions eventually adopted.

2. Appellants next present a series of enumerations in which they contend the trial court erred in concluding that DOT had met the procedural requirements contained in OCGA § 50-13-4 (a) of the Georgia Administrative Procedure Act (APA) (OCGA § 50-13-1 et seq.).

OCGA § 50-13-4 (a) provides that prior to the adoption, amendment or repeal of any rule, the governmental body advocating the change must give at least 30 days' notice of its intended action, and mail the notice to persons who have made a written request to be placed on the agency's mailing list and who have tendered the mailing costs to the agency. The governmental body must also afford a reasonable opportunity to all interested persons to submit, orally or in writing, data, views or arguments. An oral hearing must be granted if requested by an appropriate party. All written and oral submissions concerning the proposed rule must be considered fully by the governmental body which, if requested to do so, must issue a concise statement of the principal reasons for and against the rule's adoption, taking into account its reason for overruling the reasons urged against the adoption of the rule. OCGA § 50-13-4 (a) (2). If the adoption of the rule will have an economic impact on businesses in Georgia, the governmental body must reduce the economic impact of the rule on small, independently owned and operated businesses. OCGA § 50-13-4 (a) (3).

Appellants take issue with the trial court's conclusion that they do not have standing to question appellee's compliance with OCGA § 50-13-4 (a) (1) because none of them had submitted a written request to be placed upon the agency's mailing list and had tendered the appropriate mailing costs to the agency. While appellants' failure to comply with the written request requirement of OCGA § 50-13-4 (a) (1) prevents them from complaining of their lack of receipt of written notice of intended action from appellee, it does not prevent appellants from questioning whether appellee complied with the statute. Failure to comply with OCGA § 50-13-4 (a) (1) invalidates the amended rule. OCGA § 50-13-4 (d). Anyone adversely affected or potentially adversely affected by a new rule may attack the validity of the rule. OCGA § 50-13-10 (a). It follows that the trial court erred in concluding that appellants did not have standing to challenge appellee's compliance with the requirements of OCGA § 50-13-4.

3. Appellants contend appellee did not give the 30 days' notice of its intended action required by OCGA § 50-13-4 (a) (1) before adopting the amended rules and regulations. They also argue that the agency charged with promulgating rules and regulations regarding outdoor advertising failed to "consider fully all written and oral sub-

missions respecting the proposed rule[s]." OCGA § 50-13-4 (a) (2).

The affidavit of appellee's right-of-way engineer, coupled with the minutes of the meetings of the State Transportation Board, gives the procedural history of the contested amendments. At its August 1986 meeting, the State Transportation Board, a constitutionally-created body (1983 Const., Art. IV, Sec. IV, Par. I) statutorily charged with "the general control and supervision of the [DOT]" (OCGA § 32-2-21), determined that the rules and regulations controlling outdoor advertising were in need of revision and directed its staff to proceed with the adoption of the proposed amendments in accordance with the APA. In early September 1986, appellee published notices of a public hearing regarding revision of the rules concerning outdoor advertising in ten newspapers throughout the state. The hearing, at which public comment was sought, was held on September 19, 1986. The proposed amendments were modified somewhat and presented to the State Transportation Board at its meeting on October 16, 1986. The board determined that the revisions were in the best interest of the public and caused no adverse economic impact, and directed its staff to proceed with the adoption of the new rules according to the APA. On October 22-24, 1986, the notice of intended action was mailed to those on the mailing list (see OCGA § 50-13-4 (a) (1)) as well as to every person present and entity represented at the September 19 public hearing. A public hearing was held on November 25. On December 4, 1986, appellee filed copies of the amendments with the Secretary of State. See OCGA § 50-13-6 (a). The copies were accompanied by the certification of appellee's commissioner that the attached rules were true and correct copies of the DOT rules "as promulgated and adopted on the 4th day of December, 1986."

It is appellants' position that the board adopted the proposed amendments at its October 16 meeting, before the notice of intended action was mailed, thereby violating the requirement of OCGA § 50-13-4 (a) (1) that 30 days' notice of intended action be given prior to the adoption of amendments. Appellants point out that in their depositions appellee's commissioner and the right-of-way engineer (whose office is responsible for the administration of the Outdoor Advertising Act) acknowledged that no report was made to the board after the November 25 hearing; that the matter was not brought to the attention of the board after November 25; and that the board took no further action on the issue. Appellants conclude from the lack of board action following the November 25 hearing that the board actually adopted the amendments during its October 16 meeting, the last time the issue was acted upon by the board, and that the board failed to precede its adoption of the amendments by giving the requisite 30 days' notice of its intended action. Appellants maintain that the deposition testimony also provides evidence that the board did not con-

sider the written and oral submissions made with regard to the proposed rules at the November 25 public hearing, a violation of OCGA § 50-13-4 (a) (2).

Appellants' position is premised on the notion that the State Transportation Board is the entity authorized by law to make rules and regulations for appellee. See OCGA § 50-13-2 (1). However, it is "the department" that is statutorily authorized to promulgate rules and regulations governing the issuance and revocation of permits for the erection and maintenance of outdoor advertising. OCGA § 32-6-90. Since "the department" is the agency authorized to make rules and regulations, and since the right-of-way engineer executed an affidavit in which he swore "the Department" fully considered the public comment resulting from the November 25 public hearing, appellee concludes that OCGA § 50-13-4 (a) (2) was not violated and that it was not necessary for the board itself to consider the November 25 public comment. Acknowledging that the only document evidencing the adoption of the amendments on December 4 is the commissioner's certification of such, appellee then argues that since the commissioner is empowered with the board's authority when it is not in regular or called session (OCGA § 32-2-41 (a)), the commissioner had the authority to adopt the amendments. By this argument, appellee implies the board is the entity within the department empowered to make rules and regulations for the department.

The board is "charged with the general control and supervision of the department. In the exercise of such general control and supervision, the board shall have such duties, powers, and authority as are expressly vested in it by this title, including but not limited to . . . (4) Approval of all long-range plans and programs of the department." OCGA § 32-2-21. While there is no statutory definition of what is encompassed by the phrase "long-range plans and programs," we are not as willing as appellee to conclude that it does not cover the adoption, amendment, or repeal of the department's rules and regulations. It cannot be doubted that the subject matter of the proposed rules, the control of outdoor advertising, is a long-term program of the State of Georgia (see OCGA § 32-6-709) that has been placed in the hands of appellee. See OCGA § 32-6-90. The submission of the proposed rule changes to the board at its August and October meetings and the board's rendition of resolutions directing its staff to proceed is evidence that the department itself recognized the board as the entity within appellee that passes on the adoption, amendment, or repeal of DOT rules and regulations.

Appellee argues that the commissioner is empowered by OCGA § 32-2-41 (a) to "perform, exercise and possess all duties, powers, and authority of the board" when the board "is not in regular or called session." However, the statute expressly forbids the commissioner

from exercising the board's power concerning the "[a]pproval of long-range plans and programs of the department." OCGA § 32-2-41 (a) (4). Since, as we have held, the adoption, amendment, or repeal of departmental rules and regulations concerning outdoor advertising in Georgia is a long-range program, the commissioner was not empowered to adopt the proposed amendments sua sponte.

The above analysis leads us to conclude that if the amendments were adopted by the board, OCGA § 50-13-4 (a) (1) was violated because the board adopted the amendments at its October 16 meeting, prior to the initiation and expiration of the 30-day notice period. If the board adopted the amendments, OCGA § 50-13-4 (a) (2) was also violated because the board did not consider the written and oral comments concerning the proposed amendments submitted at the November 25 public hearing. Appellee suggests that consideration of the comments submitted at the September 19 unofficial public hearing is sufficient. In addition to the fact that different concerns were raised at the September and November hearings and the statute mandates full consideration of *all* written and oral submissions, is the fact that the September hearing was brought to order by the right-of-way engineer who said "this is not the official hearing to adopt the rules" but "is simply to gain your input and find out how you feel about the department proceeding. . . ." We do not agree with appellee that the board's consideration at its October meeting of concerns aired at the September hearing can be equated with consideration of the concerns raised in November.

4. Appellants also take issue with the trial court's findings and conclusions concerning OCGA § 50-13-4 (a) (3). Under that subsection, if the adoption of any rule will have an economic impact on businesses in this state, the rule-making agency is required to reduce the economic impact of the new rule on small, independently owned and operated businesses that are not dominant in their field and employ fewer than 100 employees. The trial court found that "[i]mplementation of the amendments . . . will have no adverse economic impact on businesses in the State of Georgia" and concluded that compliance with OCGA § 50-13-4 (a) (3) was not mandated since the board had made the determination that the amendments would not have an adverse economic impact on businesses in Georgia. The trial court also concluded that even if the adoption of the amendments did cause an adverse economic impact on Georgia businesses, "the implementation of the actions set out in OCGA § 50-13-4 (a) (3) would not have been feasible in meeting the stated objectives of the statutes which were the basis of the proposed rule." Appellants take issue with each finding and conclusion made by the trial court.

The trial court found that no adverse economic impact would result from implementation of the proposed amendments. " 'When a

non-jury judgment by a trial court is reviewed by an appellate court in Georgia, we will not interfere with the findings of fact by the trial tribunal if there is "any evidence" to support it.'" *Logan Paving Co. v. Massey-Ferguson &c. Corp.*, 172 Ga. App. 368, 370 (323 SE2d 259) (1984). The evidence in the record supporting the trial court's finding is the board's finding of no adverse impact, and the affidavit of the right-of-way engineer that the economic impact of the amendments on business was considered by the board. The board's finding is contained in the resolution it passed at its October 16 meeting. The minutes of that meeting reflect no discussion on the issue. Thus, the only support for the trial court's finding is an unsupported conclusion in a board resolution, and the unsupported conclusory statement in an affidavit that economic impact was considered. The affidavit does not state that no adverse economic impact was found — it only states that economic impact was considered. We are unwilling to hold that summary conclusions implicitly contradicted by the silence of the minutes that reflect what occurred constitute "evidence" to support the trial court's finding. In light of the remand of this case due to the holding in Division 3, we urge the board and the trial court to amplify any findings concerning economic impact. Should it be found that an adverse economic impact is likely to occur due to adoption of the amendments, we must point out to appellee that the mere fact that most of the affected businesses have less than 100 employees is not a sufficient reason to conclude that compliance with OCGA § 50-13-4 (a) (3) (A-D) is not necessary.

5. Inasmuch as we have concluded that appellee violated mandated precepts of the APA in its attempt to adopt amendments to appellee's rules and regulations, we must reverse the judgment entered by the trial court and hold that the amendments are invalid. OCGA § 50-13-4 (d). Since the amendments are invalid due to procedural defects, we do not reach the merits of appellants' substantive arguments.

*Judgment reversed. Banke, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 3, and 5, and in judgment.*

DECIDED MARCH 9, 1988 —
REHEARING DENIED MARCH 28, 1988 —

*David H. Flint, Mark W. Forsling*, for appellants.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beverly B. Martin, Assistant Attorney General*, for

appellee.