A89A1020. ESTES EQUIPMENT COMPANY, INC. v. CORPORATE STEEL, INC.
(386 SE2d 553)

DEEN, Presiding Judge.

This lawsuit arose out of an oral contract between the parties under which Corporate Steel, Inc., submitted a series of telephone bids on various Estes Equipment Company, Inc., projects. Corporate Steel brought suit against Estes Equipment to recover $38,964.96, contending that Estes Equipment breached its contract by failing to pay for work it performed. In its amended answer, Estes Equipment claimed a set-off because of faulty workmanship, defective materials, and a partial payment. A non-jury trial was held and the court

awarded Corporate Steel $30,968.50.

1. Appellant first contends that the court below erred in exercising jurisdiction over Estes Petroleum Equipment, Inc., an entity that is not a party to this action. While Estes Equipment claimed at trial that Estes Petroleum was a party to certain contracts in this case, the trial court never made any finding that Estes Petroleum was subject to the jurisdiction of the court. It was not a party to the action and no judgment was entered against it. The trial court merely held that the contracts in issue were between appellee and appellant and not with Estes Petroleum. There is no merit in this enumeration.

2. Appellant further claims that the court erred in permitting Corporate Steel to proceed on an alter ego theory.

There is no evidence that Corporate Steel proceeded on such a theory. In the complaint, the plaintiff alleged that a contract existed between it and Estes Equipment and that the contract was breached by non-payment for work performed. It was appellant who attempted to interject a third party into the case by claiming that Corporate Steel had actually contracted with Estes Petroleum. The trial court found that the contracts were between Corporate Steel and Estes Equipment and that Estes Equipment was the alter ego of Estes Petroleum. In other words, Estes Equipment raised a defense that the contract was with a third party, and the court found that the defendant was the alter ego of the third party. There is no merit in this enumeration.

3. Appellant next claims that there was insufficient evidence for the court to find that Estes Equipment was the alter ego of Estes Petroleum.

We must point out that this was an issue that appellant was required to prove at trial. It raised the defense that the contract was made with Estes Petroleum, which was not a party to the lawsuit. The plaintiff merely claimed the existence of the contract and its breach for non-payment. The trial court found no merit in the defense, and in its findings of fact, set forth multiple reasons for its finding, including the fact that Gary Estes, who was president of both corporations, exercised complete control over the assets of both entities without the apparent sanction of the board of directors of either; that the corporate accounts of Estes Petroleum were transferred and consolidated in the Chattanooga office of Estes Equipment; and that the offices, staff, and accounting functions of both corporations were controlled by Estes Equipment.

In reviewing a non-jury judgment, an appellate court will not reverse the lower court's finding of fact if there is "any evidence" to support it. *Outdoor Advertising Assn. v. Dept. of Transp.*, 186 Ga. App. 550 (367 SE2d 827) (1988). There was ample evidence to support this finding of fact.

4. The evidence was also sufficient to support the amount of the judgment. The transcript is replete with evidence which sets forth the contract price of the various projects, the set-off amounts, and the payments made by appellant. *Outdoor Advertising Assn. v. Dept. of Transp.*, supra.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 18, 1989.

*James E. Spence, Jr.*, for appellant.
*Adkins & Robertson, Russell L. Adkins, Jr.*, for appellee.