A90A0980. DEPARTMENT OF TRANSPORTATION v. B & G
REALTY, INC. et al.
(398 SE2d 762)

COOPER, Judge.

This is an appeal by the Department of Transportation ("DOT")
from the order of the trial court granting appellees' motion to set
aside, vacate and annul a declaration of taking. In October 1988, the
DOT filed a condemnation action pursuant to OCGA § 32-3-1 et seq.
to acquire access rights in connection with the improvement of the
Columbus-Manchester Expressway in Columbus, Georgia. The owner-
ship of these access rights has been in controversy since at least 1979,
in which year the DOT, apparently confident that it had purchased
the rights from the owner and confident that it had purchased a title
insurance policy insuring the DOT's ownership, announced at a pub-
lic hearing that it owned all the necessary access rights for the im-
provement of the highway. The true owner of the rights, present at
the hearing, announced publicly that in fact the DOT had not pur-
chased the rights to his property. Ensuing investigation and litigation
with the title insurance company revealed that these particular access
rights had not been purchased, and the saga between the DOT and
appellees began. After considering all the evidence, including witness
testimony, documentary evidence, pleadings, briefs and arguments of
counsel, the trial court found as follows: the DOT knew at least by
April 1979 that it did not own the access rights; in May 1984, the
DOT offered the true owners $20,000 (which was $3,000 more than
the alleged estimated value in the present condemnation) for the
property, then revoked the offer and attempted no further negotia-
tions until September 1988 when the DOT unlawfully cut off access to
the property; in April 1985, the DOT sent to appellees a deed convey-
ing the property to the DOT amidst a package of information on un-
related drainage rights, and appellees mistakenly executed the deed;
even though the DOT knew the deed had been mistakenly executed
and lacked consideration, the DOT used the deed to coerce appellees
into a settlement and threatened litigation if the settlement amounts
offered by the DOT were not accepted; despite requests to return the
deed, it was not returned to appellees for two and one-half years; on
September 20, 1988, the DOT without any notice or warning, unlaw-
fully cut off appellee's access to the property, and only restored the
property after written demand to counsel for DOT; the road was re-
stored in a manner that rendered it impassable at times, and the road
was not in the same condition as before the taking; in October 1988,
the DOT filed a condemnation action, and with no notice to appellee's
legal counsel, who were known by the DOT to be involved in the mat-
ter, took an order granting possession after 60 days from the order;
two days after the order the DOT unlawfully and without notice took

possession of the property despite the clear wording of the condemnation order; the DOT refused to restore and return the property necessitating the filing of a motion to restore the property and after a hearing on the motion, the court ordered the DOT to restore and return the property to appellees; the DOT again restored in the same poor fashion as after the first unlawful taking; the DOT then petitioned the court for an accelerated taking of the property, stating that it desperately needed the property; the court granted the accelerated taking, yet the DOT never in fact took possession of the property. The trial court then held that all of the above-stated actions by the DOT showed a pattern of bad faith and abuse and misuse of powers under OCGA § 32-3-11, granted the annulment of the taking and awarded appellees attorney fees and costs in the amount of $8,964.93.

Although appellant enumerates six separate errors, appellant states, and we agree that the first four enumerations all restate the first main issue in the case — whether the evidence presented supported the trial court's decision to set aside, vacate and annul the declaration of taking. The second issue in the case — whether the trial court was authorized to admit evidence on attorney fees and to make an award of attorney fees and costs — is presented in the last two enumerations of error.

1. The standard for determining whether a condemning authority has abused its discretion or exceeded its authority has usually been stated in terms of bad faith or fraud. *Brannen v. Bulloch County*, 193 Ga. App. 151, 153-154 (387 SE2d 395) (1989); *Department of Transp. v. Hudson*, 179 Ga. App. 842, 843 (348 SE2d 106) (1986). "However, there is no absolute requirement of showing bad faith before an abuse or misuse of discretion may be found. . . ." *Hudson*, supra at 843. OCGA § 32-3-11 gives a trial court authority to set aside, vacate and annul a declaration of taking in the following situations — fraud or bad faith, the improper use of the condemnation powers, the abuse or misuse of the condemnation powers, and "such other questions as may properly be raised." In recognition of the grounds for annulment other than bad faith, appellate courts have affirmed orders to set aside condemnations in situations where fraud or bad faith was not in issue. See *Hudson*, supra at 843 (abuse or misuse of discretion): *Cox Communications v. Dept. of Transp.*, 256 Ga. 455, 456 (349 SE2d 450) (1986) (improper use of condemnation powers).

We have reviewed the entire record and transcript, including the witness testimony, letters and other documentary evidence, pleadings and briefs, and while we do not think that the evidence supports a claim of fraud, there is ample evidence to support the court's findings that the DOT abused or misused its powers and we also determine that the evidence supports a finding that such powers were improperly used. OCGA § 32-3-11 (b) (2) and (3). The pre-condemnation ac-

tions of the DOT from 1979 onward, the filing of the action and the post-condemnation behavior of the DOT all constituted one continuous use of its powers as a condemning authority and are therefore subject to the standards set forth in OCGA § 32-3-11. "In reviewing a non-jury judgment, an appellate court will not reverse the lower court's finding of fact if there is 'any evidence' to support it. [Cit.]" *Estes Equip. Co. v. Corporate Steel*, 192 Ga. App. 818 (3) (386 SE2d 553) (1989). The evidence supports the court's findings and the vacation of the declaration of taking.

2. We disagree with appellant's contention that an attorney fees award was not authorized. Although the statutory language of OCGA § 32-3-11 is silent as to the allowance of attorney fees, in *Department of Transp. v. Franco's Pizza &c.*, 164 Ga. App. 497 (297 SE2d 72) (1982), we recognized that if attorney fees are not sought as part of the compensation in a condemnation action, such an award would be authorized in a properly brought claim under OCGA § 32-3-11. Further, we have also recognized that in such an action separate from the condemnation, the attorney fee award is based upon OCGA § 13-6-11. " '[While] a condemnee, as a defendant in a condemnation case, could not take advantage of the provisions of OCGA § 13-6-11 allowing the recovery of attorney fees . . . , 'where the condemnee can leap the versus barrier (i.e., be a plaintiff) he may in a proper case . . . , recover his expenses of litigation.' " *DeKalb County v. Daniels*, 174 Ga. App. 319, 321 (6) (329 SE2d 620) (1985). Appellees herein are plaintiffs in an action seeking to vacate the condemnation and they requested attorney fees for litigation spawned from the misuse and improper use of the powers of the DOT. This is such a "proper case" for the recovery of attorney fees. The trial court did not err in receiving evidence on the amount of fees involved or in making the award to appellees. Appellant's argument that OCGA §§ 22-4-7 and 32-8-1 restrict appellees to the use of administrative procedures to recover attorney fees is unfounded. These Code sections provide a remedy to recover fees separate and apart from a condemnation proceeding where just and adequate compensation is at issue. *City of Atlanta v. Rosebush*, 146 Ga. App. 99 (1) (245 SE2d 440) (1978). Further, these sections relate only to federal aid condemnation projects, while appellant's petition characterizes the instant project as a state aid project. Appellees are not seeking to recover fees as part of compensation but are proceeding under the entirely independent remedy provided in OCGA § 32-3-11. There is adequate authority to allow a fee award as part of the proceeding pursuant to OCGA § 13-6-11. There is nothing in the statutory language or case law pertaining to §§ 22-4-7 and 32-8-1 to prevent such an award.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 26, 1990 —
REHEARING DENIED NOVEMBER 19, 1990 — 

Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, Thurman E. Duncan, for appellant.

Page, Scrantom, Harris & Chapman, William G. Scrantom, Jr., Shannon F. Land, for appellees.