**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 4, 2024

# In the Court of Appeals of Georgia

A24A0183. DEPARTMENT OF TRANSPORTATION v. STAR LAND HOLDINGS, LLC et al.

McFADDEN, Presiding Judge.

This is an appeal by the Department of Transportation from an order of the superior court granting Star Land Holdings, LLC's motion to set aside, vacate, and annul a declaration of taking on the ground that the department had not complied with two provisions of the Landowner's Bill of Rights and Private Property Protection Act of 2006. See Ga. L. 2006, p. 40. The department argues that violations of the Act are not a basis for setting aside, vacating, and annulling a declaration of taking under OCGA § 32-3-11, the statute that grants superior courts limited authority to take such action, but we hold that such violations are encompassed within the superior courts' authority under the statute.

The department also argues that the superior court erred in finding that it had violated two provisions of the Act, OCGA § 22-1-9 (2), which requires the condemning authority to give the property owner the opportunity to accompany the appraiser during his inspection of the property, and OCGA § 22-1-9 (3), which requires the condemning authority to provide the property owner with a written summary of the basis for its estimation of just compensation. We hold that the superior court did not err in finding that the department violated OCGA § 22-1-9 (2) (requiring an opportunity to accompany the appraiser) and, on the basis of that violation, entering an order under OCGA § 32-3-11 to set aside, vacate, and annul the declaration of taking. So we do not reach the issue of whether the superior court erred in finding that the department also violated OCGA § 22-1-9 (3). For these reasons, we affirm.

1. *Factual and procedural background*

"In reviewing a non-jury judgment, an appellate court will not reverse the lower court's finding[s] of fact if there is any evidence to support [them]." *Dept. of Transp. v. B & G Realty*, 197 Ga. App. 613, 615 (1) (398 SE2d 762) (1990) (citation and punctuation omitted).

So viewed, the record shows that the department filed a petition in the superior court under OCGA §§ 32-3-4 through 32-3-19 to acquire by condemnation fee simple title to a right of way as well as construction and maintenance easements for a state highway project in Gwinnett County. It attached to the petition a declaration of taking and deposited into the court registry a sum of money estimated as just compensation. This filing effected a transfer of title. See *Dorsey v. Dept. of Transp.*, 248 Ga. 34, 36 (279 SE2d 707) (1981).

Star Land Holdings, the property owner, filed a "petition to set aside, vacate, and/or annul condemnor's declaration of taking and dismiss condemnor's petition for condemnation under OCGA § 32-3-11." It alleged that the department had not complied with two provisions of the Landowner's Bill of Rights and Private Property Protection Act. Specifically, it alleged that the department failed to afford it an opportunity to accompany the department's appraiser during his inspection of the property, as required by OCGA § 22-1-9 (2), and that the department's pre-condemnation offer did not comply with OCGA § 22-1-9 (3) because it failed to provide information sufficient for Star Land Holdings to meaningfully evaluate the offer. Star Land Holdings asked the superior court to set aside and annul the

declaration of taking and to dismiss the petition for condemnation that accompanied the declaration of taking.

After a hearing, the superior court granted Star Land Holdings' petition. We granted the department's application for interlocutory appeal, and this appeal followed.

2. *The Landowner's Bill of Rights and Private Property Protection Act*

The department argues that noncompliance with OCGA § 22-1-9 of the Landowner's Bill of Rights and Private Property Protection Act is not a basis for setting aside a declaration of taking. We disagree.

We first observe that the department concedes that OCGA § 22-1-9 applies to condemnations under Title 32, such as the condemnation here. We agree, because the statute itself states that it applies to "all condemnations and potential condemnations[.]" OCGA § 22-1-9. See also OCGA § 32-3-2 ("All acquisition of property or interests for public road and other transportation purposes shall proceed under the methods set out in this article and in Title 22."); *Fincher Road Investments v. City of Canton*, 334 Ga. App. 502 (779 SE2d 717) (2015) (physical precedent only)

(applying OCGA § 22-1-12, a provision of the Act, to a declaration-of-taking condemnation under OCGA § 32-3-6).

Instead, the department argues that a failure to comply with OCGA § 22-1-9 is not one of the limited circumstances a superior court may consider for setting aside a declaration of taking under OCGA § 32-3-11. We disagree.

In *City of Marietta v. Summerour*, 302 Ga. 645 (807 SE2d 324) (2017), our Supreme Court considered the appropriate remedy for a condemnor's failure to comply with OCGA § 22-1-9 of the Act. It first held that the provisions of OCGA 22-1-9 are not mere guidance for the condemning authority. 302 Ga. at 654-656 (2). Rather, it held, "compliance with Section 22-1-9 is an essential prerequisite to the filing of a petition to condemn," id. at 646, that "compliance . . . is required to the extent that compliance is 'practicable[,]'" id. at 656 (2), and that the government must strictly comply. Id. at 659 (4). The court concluded that a condemnor's "fail[ure] to fulfill that prerequisite" requires the dismissal of the petition to condemn. Id. at 646.

The department argues that the discussion of remedy in *Summerour*, supra, is inapplicable to this case because the condemnation in *Summerour* was pursued under

Title 22, while this case involves a declaration-of-taking condemnation under Title 32. See generally *Dillard Land Investments v. Fulton County*, 295 Ga. 515 (1) n. 1 (761 SE2d 282) (2014) (There are "three primary Georgia statutory procedures for condemning property. [The special master method, see OCGA § 22-2-100 to § 22-2-114,] the much older assessors method, (codified as amended at OCGA §§ 22-2-1 to 22-2-86), . . . and the declaration of taking method, (codified as amended at OCGA §§ 32-3-4 to 32-3-20).") (citations and punctuation omitted). We hold that OCGA § 32-3-11 grants superior courts authority to set aside, vacate, and annul declarations of taking for violations of OCGA § 22-1-9.

> OCGA § 32-3-11 provides that
>
> the judge of the superior court shall have the authority to set aside, vacate, and annul the declaration of taking, together with any title acquired thereby, in the same way and manner and for the same reasons as are provided by Code Sections 23-2-60[, which concerns equitable annulments of conveyances because of fraud,] and 9-11-60[, which concerns methods for seeking relief from judgments].

OCGA § 32-3-11 (a). The statute restricts the court's power to the following questions:

(1) Fraud or bad faith, as contemplated by Code Sections 23-2-60 and 9-11-60; (2) The improper use of the powers of this article, such as are not contemplated by this article; (3) The abuse or misuse of the powers of this article; and (4) Such other questions as may properly be raised, including the question of whether or not this article has been invoked in some respect beyond the privileges conferred by this article or by an unauthorized agency, county, or municipality.

OCGA § 32-3-11 (b).

Here, the superior court held that because the department failed to comply with OCGA § 22-1-9 (2) and (3), "its use of condemnation was improper, misused and abused." So the court set aside, vacated, and annulled the declaration of taking under OCGA § 32-3-11. The trial court did not err.

We reach this conclusion in reliance on *Summerour*, supra. There our Supreme Court held that the purpose of the Act is to "protect property owners from *abuse of the power of eminent domain* at all stages of the condemnation process." 302 Ga. at 652 (2) (emphasis supplied). Part of that protection, the court reasoned, is OCGA § 22-1-9, which imposes, as detailed above, mandatory prerequisites to the extent compliance is practicable. 302 Ga. at 654-656 (2). And the court held that because the condemnor there "violat[ed] the law," id. at 659 (4), by failing to comply with OCGA § 22-1-9,

it "acted outside its authority by condemning [the condemnee's] property..." Id. at 660 (4).

It follows that the failure to comply with the mandatory prerequisites of OCGA § 22-1-9 to the extent practicable amounts to a violation of law, is outside the condemnor's condemnation authority, and is an abuse of the condemnation process. So setting aside, vacating, and annulling a declaration of taking for a violation of OCGA § 22-1-9 is an appropriate remedy under OCGA § 32-3-11. Cf. *Ga. 400 Indus. Park v. Dept. of Transp.*, 274 Ga. App. 153, 158-159 (2) (616 SE2d 903) (2005) (department's alleged violations of the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 USC § 4601 et seq., and the Georgia Relocation Assistance and Land Acquisition Policy Act, OCGA § 22-4-1 et seq., did not provide a basis for setting aside a declaration of taking under OCGA § 32-3-11 because the Acts merely address polices that should guide agencies when they acquire land).

The department further argues that the superior court erred by dismissing the condemnation petition itself, since OCGA § 32-3-11 only provides for setting aside, vacating, or annulling the declaration of taking and transfer of title. We hold that the department has not shown harmful error.

8

The condemnation petition along with the declaration of taking are the documents the condemnor must file in superior court to initiate a proceeding in rem to take private property for public road purposes. OCGA §§ 32-3-4 (a), 32-3-5, 32-3-6. "The petition [filed with the declaration of taking] is not a mere pleading but an instrument which passes title when filed and just and adequate compensation is paid into court." *Dorsey*, 248 Ga. at 34.

So when the superior court here set aside, vacated, and annulled the declaration of taking, it effectively invalidated the department's in rem proceeding. The department has not shown (or even argued) how it was harmed when the superior court also dismissed the accompanying petition. "Harm as well as error must be shown to authorize a reversal by this court." *Carder v. Racine Enterprises*, 261 Ga. 142 (1) (401 SE2d 688) (1991) (citation and punctuation omitted).

We observe that the department argues that the Supreme Court erred in *Summerour* by holding that OCGA § 22-1-9 creates mandatory, judicially enforceable requirements. But as the department concedes, we lack authority to entertain this argument.

4. *OCGA § 22-1-9 (2)*

9

The department argues that the superior court erred in finding that it violated OCGA § 22-1-9 (2) of the Act. That paragraph provides:

> Where the condemning authority seeks to obtain a fee simple interest in real property, real property shall be appraised before the initiation of negotiations, *and the owner or his or her designated representatives shall be given an opportunity to accompany the appraiser during his or her inspection of the property*, except that the condemning authority may, by law, rule, regulation, or ordinance, prescribe a procedure to waive the appraisal in cases involving the acquisition by sale or donation of property with a low fair market value[.]

(Emphasis supplied.) Star Land Holdings asserted, and the trial court found, that the department did not give it an opportunity to accompany the appraiser during his inspection of the property. Evidence supports the trial court's finding.

On February 22, 2022, the appraiser sent by certified mail a letter to Star Land Holdings that stated:

> As you are aware, the Georgia Department of Transportation ("GDOT") is planning construction of the above referenced highway project and has requested an appraisal of the real estate at the above location. This letter has been sent to you to 1 ) explain the appraisal process and our relationship with the GDOT, 2) encourage you to provide property information that will aid in our appraisal, and 3) encourage you to contact and meet with us.

. . .

> You are encouraged to provide any pertinent information relating to your property, the area, and/or the local real estate market, e.g., sale or lease contracts, surveys, building plans, location of septic lines, tanks, well(s) etc., which will help us in completing the appraisal assignment. If you have any of this information available, please mail it to the address above and we will copy and return all information to you as soon as possible.

The next day, February 23, 2022, the appraiser inspected the property and left his business card with an unidentified employee of the business operating at the property.

The appraiser's February 22 letter was not delivered to Star Land Holdings until February 24, the day after the appraiser had conducted the inspection. This was the only communication between the appraiser and Star Land Holdings before the department initiated the condemnation. Star Land Holdings' principal never saw the business card, never received any message about the appraiser's February 23, 2022 inspection of the property or any other inspection, and only spoke with the appraiser after the department had filed its petition. Nothing in the letter provided for an inspection of the property at a future date or informed Star Land Holdings that it

could seek an inspection of the property with the appraiser. The letter did not include the word "inspection" at all.

The evidence supports the superior court's findings of fact as well as the conclusion that the department did not strictly comply to the extent practicable with OCGA § 22-1-9 (2), which requires that "the owner or his or her designated representatives . . . be given an opportunity to accompany the appraiser during his or her inspection of the property."

Because we hold that the superior court did not err in finding that the department violated OCGA § 22-1-9 (2), which supports the court's setting aside, vacating, and annulling the declaration of taking, we do not reach the department's argument that the court erred in finding that it also violated OCGA § 22-1-9 (3).

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*